UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TOBIE LEDET ET AL.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 16-383** |
| **UNITED STATES OF AMERICA** | * | **SECTION "L" (1)** |

**ORDER & REASONS**

Before the Court is Defendant's Motion for Summary Judgment. R. Doc. 39. Plaintiffs have responded in opposition. R. Doc. 40. Having considered the parties' arguments and the applicable law, the Court issues this Order & Reasons.

**I. BACKGROUND**

This case arises from injuries Plaintiff Tobie Ledet ("Mrs. Ledet") sustained when exiting one of Defendant's, United States Postal Service ("USPS"), offices in Metairie, Louisiana. R. Doc. 1 at 1. Plaintiff brought this action under the Federal Tort Claims Act. *Id.*

Mrs. Ledet alleges that she sustained personal injuries as a result of Defendant's negligence when she slipped and fell on the sidewalk outside Defendant's USPS office. R. Doc. 1 at 3. Mrs. Ledet claims Defendant was negligent by not ensuring that the walkway was appropriately textured and thereby causing her fall. *Id.* at 4. Mrs. Ledet also claims Defendant was negligent in failing to inspect, discover, maintain, and remedy the untextured walkway. *Id.* Mrs. Ledet claims she suffered a concussion, a disk herniation, and a shoulder tear that required surgery as a result of her alleged fall. *Id.* Plaintiff claims this case is governed by Louisiana law and that the doctrines of res ipsa loquitor and respondeat superior apply. *Id.* at 3.

Mr. Ledet is also a Plaintiff in this case. *Id.* at 5. Mr. Ledet claims that he was forced to exhaust his sick and annual leave, he had to resort to leave without pay, and suffered loss of society

damages as a result of Mrs. Ledet's alleged fall. *Id.*

Defendant answers and denies all allegations made by Plaintiffs. R. Doc. 17 at 2-3. Defendant alleges that Plaintiff failed to state a cause of action. *Id.* at 3. Defendant also asserts the affirmative defenses of contributory/comparative negligence, Plaintiffs' failure to mitigate damages, and argues Plaintiffs' injuries were caused by an open and obvious condition, and that Mrs. Ledet's injuries were caused by preexisting or subsequent conditions. *Id.* Defendant argues that federal law limits Plaintiff's recovery for attorney fees, prejudgment damages and recovery against the USPS. *Id.* at 3-4.

## II. PENDING MOTION

Defendant has filed a motion for summary judgment with some requests in the alternative. R. Doc. 39. First, Defendant argues that the Court should grant summary judgment because Plaintiff cannot demonstrate that the sidewalk on which she fell was defective or that Defendant knew that it was defective. R. Doc. 39-1 at 1. Defendant alleges that Plaintiffs' expert on the sidewalk defect reaches "unsupported, conclusory opinions" because he only visually inspected the sidewalk and did not perform a slip resistance test. R. Doc. 39-1 at 6. On the contrary, Defendant's expert performed a slip resistance test and found that the sidewalk, even when wet, was "well above OSHA's minimum slip resistance." R. Doc. 39-1 at 7. Therefore, Defendant argues that Plaintiffs cannot demonstrate that the sidewalk where she fell was defective. Furthermore, Defendant argues that Plaintiffs cannot demonstrate that Defendant had knowledge of any defect because 1) there was no defect and 2) there were no falls reported prior to Plaintiff's fall. R. Doc. 39-1 at 9. Additionally, Defendant suggests that Plaintiff's own negligence caused her fall because she was wearing slippery shoes. R. Doc. 39-1 at 9.

Second, and in the alternative, Defendant moves to strike the testimony of Plaintiffs'

treating physicians. R. Doc. 39. Defendant alleges that Plaintiffs' have failed to comply with the Federal Rules because they have not provided a disclosure for the treating physicians, listed as experts. R. Doc. 39-1 at 10. Therefore, Defendant argues, 1) the treating physicians should not be permitted to testify or 2) their testimony should be limited to lay testimony. R. Doc. 39-1 at 12.

Third, and in the alternative, Defendant asks the Court to limit Plaintiffs' request for damages. R. Doc. 39. Defendant alleges that Plaintiffs filed an administrative claim in October 2014 asking for a sum certain of $181,685.46. R. Doc. 39-1 at 12. Defendant argues that because 1) Plaintiffs have not shown any new information, 2) Plaintiffs knew the extent of the injuries in October 2014, and 3) Plaintiffs could have made out their worst case scenario in October 2014 the Court should limit Plaintiffs' damages to the sum certain requested in the administrative claim. R. Doc. 39-1 at 16. Plaintiff agrees that she is limited to the sum certain stated in the original administrative claim. R. Doc. 40 at 3.

III. **LAW & ANALYSIS**

    a. **Summary Judgment Standard**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits

3

supporting the conclusion that there is no genuine issue of material fact. *Id.* at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id.* at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Anderson*, 477 U.S. at 249-50. In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Furthermore, a court must assess the evidence, review the facts and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001); *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

    **b. Discussion**

This incident occurred in Louisiana. Therefore, the substantive law of Louisiana controls. 28 U.S.C. § 1346(b). In Louisiana, custodial liability is codified under La. C.C.P. art. 2317.1:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

Thus, plaintiff bears the burden of proving: (1) the property that caused the damage was in the "custody" of the defendant; (2) the property had a condition that created an unreasonable risk of harm to persons on the premises; (3) the unreasonably dangerous condition was a cause-in-fact of the resulting injury; and (4) the defendant had actual or constructive knowledge of the risk.

4

La. Civ. Code arts. 2317.1, 2322; *Vinccinelli v. Musso*, 2001-0557 (La. App. 1 Cir. 2/27/02); 818 So. 2d 163, 165; *Wiggins v. United States*, 2009 WL 2176043, * 3 (E.D. La. 2009). Additionally, plaintiffs must show that the owner/custodian failed to take adequate steps to remedy the defect. *See* La. Civ. Code art. 2317.1; *Naylor v. Louisiana Dept. of Pub. Highways*, 423 So.2d 439 (La. App. 2 Cir. 1982).

Here, Defendant argues that Plaintiffs cannot prove 1) that the sidewalk in question had a defect and 2) that Defendant had actual or constructive knowledge of the defect/risk. Defendant relies on the expert testimony of Mr. Campo who conducted slip tests on the sidewalk outside the Metairie Post Office. Mr. Campo reports that the sidewalk in question exceeds OSHA's minimal slip resistance requirement for sidewalks. Plaintiff responds providing the expert testimony of Mr. Lambert stating that the section of sidewalk on which Ms. Ledet fell was a different, smoother texture than the surrounding sidewalk and was more slippery. Defendant argues that Mr. Lambert's opinions are merely "conclusory allegations" because he did not conduct the same tests Mr. Campo conducted. However, it is not necessary for a competing expert to arrive at his conclusions using the same methods as long as the methods used are reliable. Where there are competing expert opinions, the Court finds that there is a genuine issue of material fact precluding summary judgment. Here, the parties have submitted competing expert testimony that raises factual issues as to whether the sidewalk was defective sufficient to impede Defendant's motion for summary judgment.

In the alternative, Defendant moves to strike the testimony of Plaintiffs' treating physicians. Under Federal Rule of Civil Procedure 26, parties must disclose the identity of expert witnesses. Fed. R. Civ. P. 26(a)(2). While generally expert witnesses must also provide a written report, a "treating physician is not considered an expert witness if he or she testifies about

observations based on personal knowledge, including the treatment of the party." *Davoll v. Webb*, 194 F.3d 1116, 1138 (10th Cir. 1999). And while Plaintiffs admit that the treating physicians failed to provide a summary of the facts and opinions about which they will testify, the treating physicians were timely disclosed, Defendant has had access to Mrs. Ledet's medical records, and Defendant has deposed all of the treating physicians. Therefore, the Court finds that the testimony of the treating physicians based upon their personal knowledge gained by treating Mrs. Ledet will not prejudice Defendant. Therefore, the treating physicians will be permitted to testify at trial.

Finally, in the alternative Defendant asks that Plaintiffs' damages be limited to the sum certain alleged in Plaintiffs' administrative claim. Plaintiff does not dispute that their damages must be capped at this amount.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment, R. Doc. 39, is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's alternative request to strike the testimony of Plaintiffs' treating physicians is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's alternative request to limit Plaintiffs' damages to the sum certain alleged in Plaintiffs' administrative claim is hereby **GRANTED**.

New Orleans, Louisiana this 30th day of April, 2018.

_____
UNITED STATES DISTRICT JUDGE